# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JESSIE LAMONT MILLSAP,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS SULLIVAN,<br><br>    Defendant. | No. C17-3034-LTS<br><br>**ORDER** |

This case is before me on plaintiff's motion (Doc. No. 7) to appoint counsel, set aside judgment and extension of time to pay the initial partial filing fee. Before dismissing plaintiff's action, I determined that the facts he alleged did not justify the appointment of counsel. I stand by that determination.

Concerning plaintiff's motion to set aside the judgment, he states nothing that leads me to a different conclusion. It is undisputed that plaintiff faced criminal charges or additional proceedings in light of prior criminal convictions, and, because he does not contest the validity of such charges or proceedings, they establish probable cause to arrest him as a matter of law. *See, e.g.*, *Davis v. White*, 794 F.3d 1008, 1014-15 (8th Cir. 2015) (stating that, "[i]n an extreme case, a police officer's intentional or reckless failure to investigate before making a complaint can support a substantive due process claim, but neither negligent nor grossly negligent failure to investigate amounts to a constitutional violation" (citing *Amrine v. Brooks*, 522 F.3d 823, 833-34 (8th Cir. 2008))); *Brockinton v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007) (making clear that the negligent failure to investigate does not violate due process). Further, because plaintiff's revocation judgment has not been called into question, plaintiff is unable to assert that he has been detained without legal process. *See, e.g.*, *James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012) (explaining that an arrest made without probable cause

is grounded in the Fourth Amendment's protection against unreasonable seizures and prevents a person's unlawful detention). As I previously explained, no defendant can be liable until plaintiff demonstrates that the revocation of his probation and subsequent confinement are unlawful. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (stating that a 42 U.S.C. § 1983 action is barred if the plaintiff's claims necessarily imply the invalidity of his confinement or its duration); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a writ of habeas corpus is the only federal remedy available if a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release); *Deloria v. Lightenberg*, 400 F. App'x 117, 118 (8th Cir. 2010) (same).

Regarding an extension of time to pay the initial partial filing fee, I find that it is appropriate to extend the deadline. Plaintiff is directed to submit an initial partial filing of $10.98 by no later than **July 14, 2017**.

Accordingly, plaintiff's motion to appoint counsel is **denied**; plaintiff's motion to set aside judgment is **denied**; and plaintiff's motion for extension of time to pay the initial partial filing fee is **granted**.

**IT IS SO ORDERED.**
**DATED** this 5th day of June, 2017.

_____
Leonard T. Strand, Chief Judge